In the Matter of ISRAEL N. THURMAN et al., as Executors and Trustees under the Will of DAVID TAYLOR, Deceased, Respondents.

FRANCIS P. CALLAHAN, as Special Guardian for ALEXANDER A. TAYLOR et al., Respondents; BENJAMIN TAYLOR et al., Respondents; FANNIE TAYLOR, Appellant.

(Argued September 30, 1929; decided November 19, 1929.)

*William H. Bisnoff* and *Samuel Zamzok* for appellant. The clear and unambiguous provisions of the will and codicil require a holding that it was testator's intention that his widow should receive fifty dollars per week for her own use as long as the children reside with her and the executors were satisfied that they are receiving proper care and attention. (*Matter of Buechner*, 226 N. Y. 440; *Matter of Rooker*, 248 N. Y. 361.) It was the intention of the testator to appoint his widow the testamentary guardian of his children. (*Matter of Reynolds*, 11 Hun, 41; *Hagerty* v. *Hagerty*, 9 Hun, 175.)

*Francis P. Callahan* for Alexander A. Taylor et al., respondents.

*Copal Mintz* for executors and trustees of David Taylor, deceased, et al., respondents. The will does not operate

as an appointment or designation of the widow as testamentary guardian of the children. (*Colton* v. *Colton*, 127 U. S. 302; *Toose* v. *Whitmore*, 82 N. Y. 405.)

KELLOGG, J. The testator, David Taylor, died in November, 1927, leaving a will executed in February, 1926, and a codicil thereto executed in September, 1927. He left two children, Alexander Arthur Taylor and Beatrice Taylor, born of his first wife, who predeceased him. The testator thereafter married a woman designated in his codicil as "Fannie Taylor." In addition to real estate owned, the testator was possessed of personalty of the value of $175,000.

By his will the testator devised and bequeathed to his executors the residue of his estate, in trust, to invest the same, to receive all income therefrom, and "to apply so much of the remainder of said rents, issue, income, interest and profits as my said executors and trustees may deem necessary or proper, to the maintenance, education and support of my beloved children, Alexander Arthur Taylor and Beatrice Taylor, in such proportions as they may deem necessary or proper, the balance to be accumulated until the majority of the older child, whereupon it is to be paid to my said two children in equal proportions."

By his codicil the testator devised and bequeathed to his wife, Fannie Taylor, the sum of $10,000, his household effects, and certain real estate in Brooklyn, N. Y. He made further provision as follows: "It is my desire that, until my said wife remarries, she shall be the personal guardian of my children and that she shall receive the sum of fifty ($50) dollars per week for as long a period as she shall act as such guardian and shall support and maintain my children in her own home. I am not directing my executors and trustees in that behalf, how-

ever, inasmuch as I desire that these weekly payments should be made only as long as my executors and trustees are satisfied that my children continue to receive proper care and attention."

We thus have a will providing that the executors should devote so much of the income of a principal sum of at least $175,000, as they might deem necessary and proper, " to the maintenance, education and support of my beloved children." We also have a codicil providing for the payment to the widow, Fannie Taylor, the stepmother of the children, of the sum of $50 per week as long as she might act as guardian, and " support and maintain my children in her own home." As the codicil in no wise revokes the provisions contained in the will for the children's support, we must strive to make effective, not only the provisions of the codicil in respect thereto, but the provisions of the will as well. We think it can be done by giving to the instruments the following interpretations: The widow and stepmother is to house the children, with suitable conveniences and comforts, in her own home, and is to provide them with suitable nourishment and care. As long as she makes suitable provisions in these respects she is to receive therefor the sum of $50 per week to be expended at her discretion, and is to make no further charge nor to receive further compensation. Disbursements for other needs of the children, such as clothing and schooling, are to be supplied by the trustees at their discretion. These provisions cannot be given full effect unless the wife may of right claim the custody of the children. A surviving parent " may, by deed or last will, duly executed, dispose of the custody and tuition of such child during its minority or for any less time, to any person or persons." (Domestic Relations Law [Cons. Laws, ch. 14], § 81.) We think it was the clear intention of the testator to give to the stepmother the custody of the children, so long as she remained unmarried and complied with the provisions of the codicil as to their

support by her. To this extent, the widow became the testamentary guardian of the children.

The order should be modified in accordance with this opinion, and, as so modified, affirmed, with costs to all parties payable out of the estate.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.